**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Roger R. Riemann, Respondent,

v.

Palmetto Gems & Gemological Services, Inc. and Thomas Shofner, in his individual capacity, Appellants.

Appellate Case No. 2013-001745

———————

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-107
Heard December 10, 2014 – Filed March 4, 2015

———————

**REVERSED AND REMANDED**

———————

Angus H. Macaulay and James Andrew Byars, both of Nexsen Pruet, LLC, both of Columbia, for Appellants.

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Palmetto Gems & Gemological Services, Inc. and Thomas Shofner (collectively "Appellants") appeal the circuit court's denial of their Motion to Dismiss, or, Alternatively, to Stay Proceedings and Compel Arbitration of Roger R. Riemann's claims. Appellants contend the circuit court erred in (1) failing to

enforce the parties' agreement to arbitrate all disputes regarding the arbitrability of particular claims and (2) finding claims under the South Carolina Payment of Wages Act[1] to be unarbitrable as a matter of law.  We reverse the order of the circuit court denying Appellants' motion to compel arbitration of Riemann's claims and remand for an order consistent with this opinion, pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in failing to enforce the parties' agreement to arbitrate all disputes regarding the arbitrability of particular claims, we find the arbitration clause of the parties' agreement clearly and unmistakably provided that questions of arbitrability were to be decided by the arbitrator.  *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." (alterations in original) (citations omitted)); *id.* at 943 ("[T]he question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter."); *id.* ("Did the parties agree to submit the arbitrability question itself to arbitration?  If so, then the court's standard for reviewing the arbitrator's decision about *that* matter should not differ from the standard courts apply when they review any other matter that parties have agreed to arbitrate." (citations omitted)); *id.* ("If, on the other hand, the parties did *not* agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently."); *id.* ("These two answers flow inexorably from the fact that arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes–but only those disputes–that the parties have agreed to submit to arbitration." (citations omitted)); *id.* at 944-46 (noting the determination of arbitrability is for the arbitrator if the contract, when viewed in light of the ordinary state rules of contract construction, clearly and unmistakably evinces an intent for the arbitrator to make the decision).

2.  As to all other issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that an appellate court need not review remaining issues on appeal when its determination of a prior issue is dispositive).

For the foregoing reasons, the trial court's denial of the motion to compel arbitration is **REVERSED** and the matter **REMANDED** for an order consistent with this opinion.

---

[1] S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2014).

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**